# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

**FREDDY LOCARNO BALOCO, et al.,**  }
                                    }
    **Plaintiffs,**                }
                                    }
v.                                  }    **Case No.: 7:09-CV-00557-RDP**
                                    }
**DRUMMOND COMPANY, INC., et al.,** }
                                    }
                                    }
    **Defendants.**                }

## MEMORANDUM OPINION AND ORDER

The court has before it Plaintiffs' Motion to Amend Complaint and for Leave to File First Amended Complaint (Doc. #43) filed on September 12, 2011. Although the Motion (Doc. #43) indicates that it is unopposed, on September 13, 2011 Defendants filed a Notice of Revocation of Consent to Plaintiffs' Motion to Amend Complaint (Doc. #46).

Plaintiff Baloco and eight (8) others, either in their own right or through their mothers as guardians of minors, commenced this action on March 20, 2009 by filing a complaint (Doc. #1) for equitable relief and damage under the Alien Torts Claims Act ("ATS"), Torture Victims Protection Act ("TVPA"), 28 U.S.C. § 1350, and Colombian wrongful death law. (*See generally* Complaint) ("Compl."). In the original complaint, Plaintiffs allege that they are children of Valmore Locarno ("Locarno"), Victor Hugo Orcasita ("Orcasita"), or Gustavo Soler ("Soler"), who were murdered in Colombia in 2001, allegedly by paramilitaries acting as agents of, or aided and abetted by, Defendants DCI, DLTD, Augusto Jiminez (president of DLTD's Colombia branch), and Alfredo Araujo (an employee of DCI).

On May 13, 2009 Defendants DCI, DLTD, and Jiminez filed original and corrected motions to dismiss (Docs. #12, 15). On November 9, 2009 this court entered a memorandum opinion and order (Docs. #33, 34) granting the motion to dismiss (Doc. #15) in its entirety and dismissing the action with prejudice. That decision was appealed (Doc. #35), then reversed and remanded by the Eleventh Circuit on July 13, 2011. (*See generally* Doc. #40). The Eleventh Circuit found that Plaintiffs had standing on their TVPA and ATS claims, and that this court prematurely resolved the res judicata issue with respect to five of the Plaintiffs. (Doc. #40 at 25).

The court held a telephonic status conference with the parties on August 23, 2011. (*See* Doc. #41). The parties were to submit a proposed Rule 16 report and any amended complaint by September 12, 2011. The parties have now submitted those documents, and the issues presented by those submissions are under review.

I.    **The Motion to Amend Complaint and for Leave to File First Amended Complaint**

   A.   **Standard of Review**

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. Absent circumstances not relevant here, a party may amend the pleadings only by leave of the court or by written consent of the adverse party. *See* FED. R. CIV. P. 15(a)(2). However, "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). That is, "[u]nless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial." *Fla. Evergreen Foliage v. E.I. DuPont De Nemours and Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) (quotation marks omitted).

The court, however, need not allow an amendment that would be futile. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Nor must a court allow an amendment where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed or where allowing the amendment would cause undue prejudice to the opposing party. *See Halpin v. Crist*, 405 Fed. Appx. 403, 408-409 (11th Cir. 2010) (quoting Corsello, 428 F.3d at 1014); *see also Clarion Metals Corp. v. CRH North America, Inc.*, 2006 WL 2094681, No. 1:05-cv-809-WSD at *8 (N.D. Ga. July 26, 2006) (citing *Maynard v. Bd. of Regents of Div. of Univs.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (holding that the district court did not abuse its discretion in denying a motion to amend filed on the last day of discovery because granting the motion "would have produced more attempts at discovery, delayed disposition of the case, likely prejudice . . . [and] there seems to be no good reason why [the movant] could not have made the motion earlier")).

As the commentators have noted, prejudice to the defendant is the most frequent reason courts deny motions for leave to amend the complaint. *See e.g.*, 6 Fed. Prac. & Pro. 2d § 1487. "Thus, the facts of each case must be examined to determine if the threat of prejudice is sufficient to justify denying leave to amend. In order to reach a decision on this point, the court will consider the position of both parties and the effect the request will have on them. This entails an inquiry into the hardship to the moving party if leave to amend is denied, the reasons for the moving party failing to include the material to be added to the original pleading, and the injustice resulting to the party opposing the motion should it be granted." *Id.*

**B.     Analysis**

The Motion to Amend Complaint (Doc. #43) was filed on September 12, 2011 as unopposed. (*See generally* Doc. #43).  On September 13, 2011 Defendants filed a Notice of Revocation of Consent to Plaintiffs' Motion to Amend Complaint (Doc. #46) due to the fact that Plaintiffs had not disclosed to the court or Defendants that they would be adding two new Defendants with the amended complaint – Mike Tracy and James Adkins. (*See* Doc. #46 at 1-2).  With their surreply in opposition to the motion to amend, Defendants now seem to oppose the amendment also with regard to the four proposed new Plaintiffs, arguing that all four of the proposed new plaintiffs, and their mothers, were identified in documents produced to Plaintiffs roughly seven years ago. (*See* Doc. #55).  They argue that this "awareness of facts and failure to include them in the [original] complaint" gives rise to an inference that the amendment is sought in bad faith and for tactical reasons.  (Doc. #55 at 2) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. 1981)).

The unique procedural history of this case dictates that at minimum, the addition of the four new Plaintiffs must be allowed.  Between the November 9, 2009 dismissal of the original complaint and the proposed amendment to the complaint on September 12, 2011, Plaintiffs could not have amended the complaint to add newly discovered Plaintiffs or facts.  In fact, Defendants appeared to have no objection to their addition until September 19, 2011 – six days *after* they notified the court that they had revoked their consent to any amendment of the complaint *only* on the basis of the addition of new Defendants. (*See* Docs. #46, 52).  While there is some question as to whether counsel for Plaintiffs were aware of the identities of the four additional Plaintiffs at the time they filed the original complaint, this principle still applies:  justice requires leave be freely given to

amend the complaint. *See* FED. R. CIV. P. 15(a)(2).  Defendants have articulated no prejudice to them as a result of the addition of Plaintiffs and, as Plaintiffs point out, were this court to deny their amendment herein, they would merely file another case in this court to later be consolidated with this one. (*See* Doc. #53 at 3).

The question of the addition of the two new Defendants is a closer call, but close calls are resolved in favor of amendment.  Although Plaintiffs have known the identities of Mike Tracy and Jim Adkins since 2002, they contend that this is their first opportunity to amend the complaint after obtaining sufficient evidence as to the roles of those individuals in the facts as alleged in the complaint. (*See* Doc. #53 at 3, 5).  Although the addition is suspicious given previous rulings on *res judicata* and the absence of complete disclosure on the part of Plaintiffs' counsel, justice requires that leave be freely given for Plaintiffs to amend their complaint.

The Motion to Amend Complaint and for Leave to File First Amended Complaint (Doc. #43) is **GRANTED**.  Plaintiffs are **DIRECTED** to file their First Amended Complaint **within three (3) calendar days of the date of this order**.

II.     **The Joint Proposed Schedule**

Although there is no pending motion to enter a proposed scheduling order, the parties have complied with the court's August 23, 2011 directive to submit a Joint Proposed Schedule. (*See* Docs. #41, 42 and text entry of August 23, 2011).  They have agreed on dates for the filing of the amended complaint, dispositive motions, oppositions to dispositive motions, replies in support of dispositive motions, and a trial ready date. (*See* Doc. #44 at 1-3).  They disagree, however, as to whether the court suggested they submit a complete Rule 26(f) report or not. (*See* Doc. #44 at 1) ("The parties disagree as to the extent of the proposed schedule required by the Court's instructions

at the August 26 status conference, and consequently whether they should include in the proposed schedule a complete Rule 26(f) Report.").

The simple answer to that question is that the court left it open to the parties to come to an agreement on that point, but suggested that any *res judicata* issues "ought to be somewhat the leadoff hitter in the lineup just because that kind of helps you understand additional discovery and identify additional discovery that may need to take place and obviously motion practice down the road on these folks." (Transcript of August 23, 2011 proceedings at 14-15). Interestingly, in neither of the proposals do the parties include time for discovery on this "leadoff" issue. (*See generally* Doc. #44). They simply provide that a month after the amended complaint is filed, Defendants will file "not only a summary judgment motion as to the original Plaintiffs on *res judicata* and other grounds, but also a motion to dismiss the new Plaintiffs on statute of limitations grounds as the deaths occurred more than ten years ago." (Doc. #44 at 3). Assuming this is the case, and no discovery is needed for early dispositive motion practice, judicial economy and efficiency are best served by having those motions resolved prior to fulfilling all Rule 26(f) requirements.

The following schedule **SHALL** apply to early dispositive motions:

- Defendants' early dispositive motions due **November 7, 2011**.
- Plaintiffs' opposition to early dispositive motions due **December 5, 2011**.
- Defendants' reply in support of dispositive motions due **December 20, 2011**.
- A Rule 26(f) Report **SHALL** be filed by the parties, as applicable, **no later than thirty (30) days** after the entry of any order concerning early dispositive motions.

**DONE** and **ORDERED** this \_\_\_\_6th\_\_\_\_ day of October, 2011.

_____

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE